505 P.2d 1257

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Charles W. SEIFRIED, Defendant-Appellant.**

**No. 974.**

Court of Appeals of New Mexico.

Jan. 12, 1973.

Gene E. Franchini, Matteucci, Franchini, Calkins & Michael, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Jane Pendleton, Ronald Van Amberg, Asst. Attys. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HERNANDEZ, Judge.

Defendant was convicted of fraud, § 40A–16–6, N.M.S.A.1953 (2d Repl.Vol. 6). He appeals.

The sole issue is whether the trial court erred in admitting two tires into evidence. Defendant contends that there was a gap in the chain of custody and that there was no evidence that the tires were in substantially the same condition at the time of trial as at the time in issue.

The record discloses that the defendant obtained these tires from Gillette Tire Sales, a wholesale and retail tire company, by representing that he was a "tire broker" and that he had orders from some customers who operated trading posts on the Navajo Reservation. The tires were picked up by the defendant's son on September 17, 1971. On September 20, 1971 the defendant sold them to Mr. W. E. Hambrick, proprietor of Hambrick Supply Store in Albuquerque, New Mexico. Mr. Hambrick testified that the tires had remained continuously in his store until January 14, 1972 when he turned them over to police detective Sandoval. The officer identified them by his initials and the date he had placed on each tire at the time he received them from Mr. Hambrick. He further testified

that he had checked them into the evidence room of the police department where they had remained until he brought them to the courthouse. The tires were also identified by a salesman for Gillette Tire Sales through some crayon marks he had made on them at the time they were picked up by defendant's son.

 There is no merit to defendant's contention; the chain of custody was clearly established. State v. Harrison, 81 N.M. 623, 471 P.2d 193 (Ct.App.1970). Concerning the issue of whether the tires were in substantially the same condition at the time of trial as on September 17, 1971 no objection on this ground was made below and therefore cannot be raised on appeal. Supreme Court Rule 20 (§ 21–2–1(20)), N.M.S.A.1953 (Repl.Vol. 4).

We affirm.

It is so ordered.

HENDLEY and LOPEZ, JJ., concur.